UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON M. ROE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2484-WBV** |
| **DARREL VANNOY, ET AL.** | **SECTION D (3)** |

### ORDER and REASONS

The Court, having considered the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody,[1] the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge,[2] and Petitioner's Objection to the Magistrate's Report and Recommendation,[3] hereby **OVERRULES** Petitioner's objections, **APPROVES** the Report and Recommendation of the United States Magistrate Judge and **ADOPTS** it as its opinion in this matter.

### I.   PETITIONER'S OBJECTIONS

On November 12, 2021, the Magistrate Judge issued a Report and Recommendation to the Court, recommending that the Petition be dismissed with prejudice because Petitioner failed to show that he is entitled to relief on any of this three ineffective assistance of counsel claims.[4] After receiving several continuances,[5] Petitioner timely-filed objections to the Magistrate Judge's Report and

---

[1] R. Doc. 1.
[2] R. Doc. 27.
[3] R. Doc. 40.
[4] R. Doc. 27.
[5] R. Docs. 29, 32, 33, 34, 35, 36, 37, 38, & 39.

Recommendation on June 8, 2022, objecting to several findings therein.[6] Petitioner first objects to the Magistrate Judge adopting the state court's determination that he failed to produce evidence to support his first ineffective assistance of counsel claim, wherein Petitioner asserted that his trial counsel failed to investigate and present an alibi defense.[7] Petitioner also objects to the Magistrate Judge's conclusion that, "Without evidence proving that counsel failed to investigate this aspect of the case, petitioner has not established that counsel's investigation was deficient."[8] Petitioner asserts that by requiring him to provide such evidence, the state court and the Magistrate Judge have held him to the same stringent standards as an attorney, even though he is a *pro se* litigant.[9] Petitioner further asserts that the state court's application of the *Strickland v. Washington*[10] standard "is unreasonable," and that the Magistrate Judge erred in finding that the state court correctly denied his request for post-conviction relief for failing to meet his burden of proof.[11]

Petitioner then argues that the state court's finding that, "the unsubstantiated information regarding an alibi witness provided to this Court eight years after trial to be a self-serving claim that is not credible" is "wholly unreasonable."[12] Petitioner contends that it is well settled that claims of ineffective assistance of trial counsel are best raised in an application for post-conviction relief, and seems to suggest that the

---

[6] R. Doc. 40.
[7] *Id.* at pp. 1-4.
[8] R. Doc. 40 at p. 4 (*quoting* R. Doc. 27 at pp. 17-18).
[9] R. Doc. 40 at p. 4.
[10] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
[11] R. Doc. 40 at pp. 4-5.
[12] *Id.* at p. 5; *See*, R. Doc. 27 at p. 15 (*quoting* State Rec., Vol. 2 of 11, Ruling with Reasons dated March 13, 2019).

lengthy appeals process in this case explains the eight-year delay.[13] Petitioner then takes issue with the state court's statement that it "cannot imagine that defense counsel would have failed to call Roe's employer from 'Black Tie' as a defense witness, if such a witness existed, who could have placed the defendant at work at the time of the robbery," and the state court's finding that, "Notably missing from this post-conviction application is a sworn and notarized affidavit from Mr. Roe's employer, immediate supervisor, or even fellow worker confirming that the defendant arrived at 'Black Tie' and was actively engaged in a job on January 17, 2011, at the time of the robbery."[14] Petitioner likewise contests the Magistrate Judge's conclusion that while Petitioner proffered a halfway house sign-out sheet from the day of the underlying robbery, "that sheet proves only that petitioner said he was leaving in order to go to work, not that he actually did so."[15]

Petitioner further objects to the Magistrate Judge's conclusion that, in order to show that he was prejudiced by his counsel's performance, he needed to produce evidence verifying that: (1) he actually appeared for his job; (2) he was at work at the time of the crime; and (3) other people could and would have so testified.[16] Petitioner asserts that, "Such findings are unreasonable."[17] Petitioner argues that the sign-out sheet proves that his trial counsel should have investigated the matter, including Petitioner's assertions of having an alibi for the time of the armed robbery.[18]

---

[13] R. Doc. 40 at p. 5.
[14] *Id.* at pp. 5-6 (*quoting* R. Doc. 27 at pp. 14-15 (*quoting* State Rec., Vol. 2 of 11, Ruling with Reasons dated March 13, 2019)). *See,* R. Doc. 40 at p. 7.
[15] R. Doc. 40 at p. 6 (*quoting* R. Doc. 27 at p. 18) (internal quotation marks omitted).
[16] R. Doc. 40 at p. 6 (*quoting* R. Doc. 27 at p. 18).
[17] R. Doc. 40 at p. 6.
[18] *Id.*

Although the state court and the Magistrate Judge concluded that Petitioner should have submitted evidence from his employer to support his ineffective assistance of counsel claim, Petitioner claims that, "this is essentially the same assertion Roe has presented regarding his trial counsel."[19] As such, Petitioner contends that he has shown that his counsel's performance was deficient and that he was prejudiced by it. Petitioner claims that witnesses and employment logs would have conclusively established that he was at his job at the time of the robbery, and that such evidence would have likely led to a different result.[20] Petitioner asserts that, at the very least, the state court should have ordered an evidentiary hearing to determine whether his trial counsel failed to investigate and present an alibi defense.[21]

With respect to the Magistrate Judge's review of his second and third ineffective assistance of counsel claims, concerning his trial counsel's alleged failure to file a motion to sever the two counts of armed robbery and alleged failure to file a motion to suppress the identification evidence, Petitioner "offers an objection in globo to the findings being incorrect."[22] As such, Petitioner asserts that the Court should not adopt the Report and Recommendation of the Magistrate Judge, and should instead grant his request for relief.[23]

The Court finds that the objections raised by Petitioner largely repeat the arguments asserted in his Petition, namely that the state court erred in denying his

---

[19] R. Doc. 40 at p. 7.
[20] *Id.* at p. 8.
[21] *Id.*
[22] *Id.*
[23] *Id.* at pp. 8-9.

request for post-conviction relief based upon his trial counsel's failure to investigate and present an alibi defense.[24] The Magistrate Judge addressed this issue extensively and conducted a thorough analysis of Petitioner's arguments in the Report and Recommendation.[25] The Court agrees with the Magistrate Judge's assessment that Petitioner failed to demonstrate that the state court decision rejecting his first ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as required for Petitioner to be entitled to relief under 28 U.S.C. § 2254.[26]

The Court next turns to Petitioner's assertion that the state court and the Magistrate Judge erred by holding him, a *pro se* litigant, to the standards of an attorney. While *pro se* habeas petitions are construed liberally in this Circuit,[27] "the petitioner, as the party who bears the burden of proof, is not excused from offering evidence to support his claims."[28] After reviewing the record, the Court agrees with the Magistrate Judge's conclusion that Petitioner failed to produce evidence to show that his counsel failed to investigate his alibi defense. As such, and construing Petitioner's claims leniently in light of his *pro se* status, the Court agrees with the Magistrate Judge that Petitioner failed to establish that counsel's investigation was deficient or that prejudice resulted from the purportedly inadequate investigation, as

---

[24] *See*, R. Doc. 1 at p. 3; R. Doc. 1-1 at pp. 9-12.
[25] R. Doc. 27 at pp. 12-20.
[26] R. Doc. 27 at p. 20; *See*, R. Doc. 27 at pp. 4-6 (*citing* 28 U.S.C. § 2254(d)(1)).
[27] *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999) (citing authority).
[28] *Murray v. Cain*, Civ. A. No. 15-827-BAJ-EWD, 2019 WL 1412932, at *1 (M.D. La. Mar. 28, 2019) (Jackson, J.) (citing *Jones v. Director, TDCJ-CID*, Civ. A. No. 6:14cv071, 2017 WL 1170898, at *11 (E.D. Tex. Jan. 25, 2017) (Mitchell, M.J.)).

required to prove his ineffective assistance of counsel claim.[29] Regarding Petitioner's assertion that, "the state court, at the very least, should have ordered an evidentiary hearing to determine whether or not Petitioner's trial counsel failed to investigate and present an alibi defense as available,"[30] the Magistrate Judge thoroughly addressed that issue in a detailed footnote in the Report and Recommendation.[31] Petitioner does not address the Magistrate Judge's analysis of the issue, or raise any objections thereto beyond the foregoing conclusory statement.[32] The Court agrees with the Magistrate Judge's determination that the state court was not required to hold a hearing before denying Petitioner's request for post-conviction relief.

To the extent Petitioner raises "an objection in globo" to the Magistrate Judge's findings regarding his second and third claims for ineffective assistance of counsel,[33] regarding trial counsel's alleged failure to file a motion to sever the two armed robbery counts and alleged failure to file a motion to suppress the identification, the Court agrees with the Magistrate Judge's in-depth analysis of those claims.[34] Notably, the Magistrate Judge pointed out misleading statements in the state's Response to Petition for *Habeas Corpus* Relief regarding whether Petitioner's counsel filed a motion to sever the two counts of armed robbery and, after conducting a *de novo* review, determined that Petitioner's claim failed on the merits.[35] The Magistrate Judge also pointed out a misstatement by the state regarding whether

---

[29] *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
[30] R. Doc. 40 at p. 8.
[31] R. Doc. 27 at pp. 20-21, n.23.
[32] *See*, R. Doc. 40 at pp. 7-8.
[33] *Id.* at p. 8.
[34] *See*, R. Doc. 27 at pp. 21-26.
[35] *Id.* at pp. 21-25 (*citing* R. Doc. 26 at pp. 14-15).

Petitioner's trial counsel filed a motion to suppress the identification, concluding that it was the co-defendant who filed a motion to suppress identification, however, the issue was still considered by the trial court and the identification of petitioner was ruled admissible. The Magistrate Judge thus concluded that Petitioner's ineffective assistance of counsel claim failed the prejudice prong of *Strickland v. Washington*.[36] After reviewing the Petition and the record, the Court reaches the same conclusion regarding Petitioner's second and third ineffective assistance of counsel claims.

As set forth above, this Court agrees with the Magistrate Judge's review and analysis of the Petition. Although Petitioner filed objections to the Report and Recommendation, Petitioner largely repeats the same arguments raised in his Petition, which were sufficiently addressed by the Magistrate Judge. While Petitioner raised new arguments regarding the Magistrate Judge's failure to liberally construe his Petition and the state court's failure to hold an evidentiary hearing on his ineffective assistance of counsel claims, the Court finds these arguments lack merit. The Court notes that Petitioner did not provide any additional evidence with his objections that was not available or considered by the Magistrate Judge. Accordingly, finding that Petitioner's objections to the Magistrate Judge's Report and Recommendation are without merit, the Court **OVERRULES** the objections.

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a

---

[36] R. Doc. 27 at pp. 25-26 (*citing* R. Doc. 26 at p. 15). *Strickland*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." [37]  The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[38]  The Court finds that Jason M. Roe's Petition fails to satisfy this standard.  Accordingly, the Court will not issue a certificate of appealability.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that the Petition of Jason M. Roe's for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

New Orleans, Louisiana, June 30, 2022.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[37] 28 U.S.C. § 2253(c)(2).
[38] *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)) (internal quotation marks omitted).